IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIVIA M. SCOTTO, | ) CIVIL NO. 07-00213 JMS/KSC |
| | ) |
| Plaintiff, | ) ORDER GRANTING PLAINTIFF'S |
| | ) APPLICATION TO PROCEED |
| vs. | ) WITHOUT PREPAYMENT OF |
| | ) FEES, DISMISSING COMPLAINT |
| CUC INTERNATIONAL, et al., | ) WITHOUT PREJUDICE, AND |
| | ) GRANTING LEAVE TO AMEND |
| Defendants. | ) |
| _____ | ) |

ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES, DISMISSING COMPLAINT WITHOUT PREJUDICE, AND GRANTING LEAVE TO AMEND

I.  INTRODUCTION

Pro se Plaintiff Livia M. Scotto ("the Plaintiff") has filed a Complaint against numerous private businesses, government entities (federal, state, and city), law firms, and individuals.  She has also filed an Application to Proceed Without Prepayment of Fees and Affidavit ("Application").  Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.

II.  DISCUSSION

The Plaintiff's Application indicates that her only source of income is $710.00 per month in "Disability."  The Plaintiff has made the required showing

under 28 U.S.C. § 1915 to proceed *in forma pauperis* (*i.e.*, without prepayment of fees), such that the Plaintiff's Application is GRANTED.

Pursuant to 28 U.S.C. § 1915(e)(2), a federal court may dismiss any case wherein the plaintiff is proceeding *in forma pauperis* if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from suit. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2002) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

The Plaintiff is appearing pro se; consequently, this court will liberally construe her pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (*Citing Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).)).

Even construing the Plaintiff's Complaint liberally, the court cannot understand the Plaintiff's claims. In short, they are incomprehensible. The Plaintiff names over fifty defendants, yet does not articulate what her claims are against each of these defendants. There are no allegations creating any factual

basis for an actionable claim against any named defendant.[1] In sum, the Complaint fails to provide "a short and plain statement of the claim showing that [the Plaintiff] is entitled to relief[.]" Fed. R. Civ. P. 8(a). Therefore, the court DISMISSES the Plaintiff's Complaint but grants her leave to file an amended complaint no later than June 1, 2007.

If the Plaintiff chooses to file an amended complaint, she must clearly state how each of the named defendants has injured her, as required by Rule 8(a) of the Federal Rules of Civil Procedure. Any amended complaint must clearly state what relief is being sought and should demonstrate the basis of jurisdiction in federal court.

### III. CONCLUSION

The court rules as follows:

1. The court GRANTS the Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit;

2. The Plaintiff's Complaint is DISMISSED without prejudice to the filing of an amended complaint;

---

[1] Plaintiff has a documented history of frivolous filings in other actions in this court, all of which have been dismissed. *See Scotto v. A.R.R. Cendant, et al.*, Civ. No. 05-00640 DAE/BMK; *Scotto v. Beatty, et al.*, Civ. No. 06-00093 DAE/KSC; *Scotto v. Guererro, et al.*, Civ. No. 06-00218 SOM/BMK; *Scotto v. Small Business Administration, et al.*, Civ. No. 06-00269 JMS/LEK; *Scotto v. Citigroup, et al.*, Civ. No. 06-00343 SOM/LEK; and *Scotto v. Cendant Mortgage, et al.*, Civ. No. 06-00480 SPK/BMK.

3. Any amended complaint must be filed no later than June 1, 2007; and

4. If the Plaintiff fails to file an amended complaint by that date, this case will be automatically dismissed without further order of this court.

IT IS SO ORDERED.

DATED at Honolulu, Hawaii, May 3, 2007.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Scotto v. CUC International, et al.*, Civ. No. 07-00213 JMS/KSC, Order Granting Plaintiff's Application to Proceed Without Prepayment of Fees, Dismissing Complaint Without Prejudice, and Granting Leave to Amend